John H. Bullard, Appellant, *v.* Augustus H. Pearsall, Respondent.

Where a party calling a witness is surprised by testimony contrary to his expectations, he may be permitted to interrogate the witness in respect to previous declarations made by the latter inconsistent with his testimony, for the purpose of probing his recollection, and by showing the witness that he is mistaken, inducing him to correct his evidence, or by recalling to his mind the statements previously made drawing out an explanation of his apparent inconsistency, and also for the purpose of showing the circumstances which induced the party to call him, and such inquiries will not be excluded simply because they may result unfavorably to the witness. But where the sole effect of an affirmative answer to a question asked by a party to his own witness will be to discredit the witness, it is properly excluded.

(Argued May 12, 1873; decided September 23, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendant, entered upon a verdict.

This action was brought to recover back moneys paid by plaintiff to defendant upon sale of an interest in a patent right, which plaintiff claimed to rescind on the ground of fraud. The sale was made on the 17th July, 1868. One J. H. Thompson was called as a witness, by plaintiff, to prove a certain conversation between the witness and defendant, and that it occurred prior to the sale. The only question determined upon this appeal was as to the rejection of testimony from this witness. The facts in relation thereto and the question excluded appear in the opinion.

*E. F. Bullard* for the appellant. The court erred in not allowing plaintiff to contradict his own witness. (1 Greenl. Ev., §§ 444, 442, note 1, and note and cases cited.)

*Charles S. Lester* for the respondent.

Rapallo, J. Where a witness disappoints the party calling him by testifying contrary to the expectations and wishes

of such party, it is a conceded rule that the latter shall not, for the purpose of relieving himself from the effect of such evidence, be permitted to prove that the witness is a person of bad character and unworthy of belief. There is also a great weight of authority sustaining the position that under such circumstances the party calling the witness should not be allowed to prove that he has on other occasions made statements inconsistent with his testimony at the trial, when the sole object of such proof is to discredit the witness. But it is well established that the party calling the witness is not absolutely bound by his statements, and may show by other witnesses that they are erroneous. The further question has frequently arisen whether the party calling the witness should, upon being taken by surprise by unexpected testimony, be permitted to interrogate the witness in respect to his own previous declarations, inconsistent with his evidence. Upon this point there is considerable conflict in the authorities. We are of opinion that such questions may be asked of the witness for the purpose of probing his recollection, recalling to his mind the statements he has previously made, and drawing out an explanation of his apparent inconsistency. This course of examination may result in satisfying the witness that he has fallen into error and that his original statements were correct, and it is calculated to elicit the truth. It is also proper for the purpose of showing the circumstances which induced the party to call him. Though the answers of the witness may involve him in contradictions calculated to impair his credibility, that is not a sufficient reason for excluding the inquiry. Proof by other witnesses that his statements are incorrect would have the same effect, yet the admissibility of such proof cannot be questioned. It is only evidence offered for the mere purpose of impeaching the credibility of the witness, which is inadmissible when offered by the party calling him. Inquiries calculated to elicit the facts, or to show to the witness that he is mistaken and to induce him to correct his evidence, should not be excluded simply because they may result unfavorably to his credibility.

In case he should deny having made previous statements inconsistent with his testimony, we do not think it would be proper to allow such statements to be proved by other witnesses; but where the questions as to such statements are confined to the witness himself, we think they are admissible. As a matter of course, such previous unsworn statements are not evidence, and when the trial is before a jury that instruction should be given.

The cases in which these questions have been discussed are numerous, and we have not deemed it useful to cite them in detail, but rather to state the conclusions which we have reached after a careful examination of the authorities. The principal cases in this State in which the subject is referred to are *People* v. *Safford* (5 Den., 118), *Thompson* v. *Blanchard* (4 Comst., 311), *Sanchez* v. *People* (22 N. Y., 147), and in England it is very thoroughly discussed in *Melhuish* v. *Collier* (15 Adol. & Ell. [N. S.], 878). It has since been there regulated by act of parliament, passed in 1854. The English and American authorities are referred to in 1 Greenl. Ev., §§ 442, 444, 444 *a* and notes.

In the present case we think the learned judge at the trial conformed substantially to the rule as we understand it. The witness Thompson was called by the plaintiff for the purpose of proving that a certain conversation took place between the witness and the defendant previous to the 17th of July, 1868, but to the surprise of the plaintiff the witness testified that the conversation took place on the twenty-fourth of July. The date was material. The plaintiff was permitted to ask the witness whether he had not upon a prior examination sworn that the occasion upon which the conversation took place occurred in June. The witness answered that on the first examination referred to he supposed that the occurrence was prior to the seventeenth of July, but on subsequently consulting a memorandum he had found himself mistaken and that it was on the twenty-fourth of July. He further testified, on his second examination, to a reply made by the defendant, during the conversation in question, to an offer

then made by the witness, in which reply the defendant mentioned the transaction out of which this action arose, which occurred on the seventeenth of July. The plaintiff's counsel then asked the witness whether he had not previously said in the presence of the plaintiff's counsel and others that he did not know that the defendant made such reply to that offer. This question was objected to as leading and incompetent, and the objection was sustained. The only effect which could have been claimed from a favorable answer would have been to discredit the witness on the ground that he was testifying to matters of which he had previously disclaimed any knowledge, and that his latter evidence was fabricated. The plaintiff was allowed to ask whether at the time inquired of he recollected the reply to which he testified on his last examination, and this was, we think, as far as the plaintiff was entitled to go. We are, therefore, of opinion that no error was committed in sustaining the objection, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.