Learned, P. J.
This is an action to recover damages for three alleged assaults, the last of which is alleged to have culminated in a rape. Both the parties were sworn as witnesses, and their testimony is in conflict. Other evidence was produced on both sides; in that there was a conflict of evidence. It was a case for a jury to decide, who had before them the witnesses.
The defendant urges that the matter was a carefully laid plot to extort money. But there is evidence to sustain the verdict, and the opinion of the jury on this question of fact is more likely to be correct than that of an appellate court.
The defendant objects to the questions put to the witness Longer. This witness had been called by plaintiff, and on examination he had evidently disappointed the plaintiff’s expectations and taken the plaintiff by surprise. Therefore, the plaintiff was allowed to probe the witness’ recollection by questions as to his former statements. We think the questions were permissible under Bullard v. Pearsall (53 N. Y., 230).
Defendant objected to testimony as to plaintiff’s condition for some days afterwards. But we see nothing objectionable in this.
Defendant objected to testimony of Wilson on the ground that he was an attorney and the communications were confidential. But it appears that the defendant was not consulting him professionally; the conversation was casual. Wilson was not, and was not to be, defendant’s attorney or counsel.
The defendant asked the court to charge that there must be such a preponderance of evidence as should exclude the hypothesis of innocence; that if the jury were in doubt they must find for the plaintiff. The court refused and charged that there must be a preponderance of evidence in favor of the plaintiff. The defendant claims that as the action, or a part of it, imputed the crime of rape to defendant, the rule applicable to criminal cases should be applied here. The request at any rate was too broad. There might have been a recovery on the first two alleged assaults where no rape was claimed to have been committed. In any view the defendant should have qualified his request by limiting it to the accusation of the assault culminating in a rape. But even as to that the rule is not applicable in *364 civil cases. This is stated in the opinion in N. Y. Guardian & Indemnity Co. v. Gleason (78 N. Y., at page 513). There the cause of action rested upon a conspiracy to issue forged bonds, and on the obtaining money thereby from the plaintiff. And the court said that in a civil action the plaintiff was not bound to establish any fact so clearly that it should be free from doubt.
The rule in criminal cases is familiar. Mr. Stephens in his digest of evidence, sec. 94, says that if the commission of a crime is directly in issue in any proceeding, criminal or civil, it must be proved beyond reasonable doubt. But the note by the American Editor says that in this country the great weight of authority is otherwise in civil actions. So Greenleaf’s evidence 3, sec. 29; and Johnson v. Agricultural Insurance Co., 25 Hun, 251. We think the learned justice was right in his charge.
Evidence had been given by defendant on the cross-examination of the plaintiff that there was an unpaid mortgage. on her farm given by her to defendant. On her re-examination she was asked whether she had since borrowed the money and given directions for the payment of the mortgage. We do not see that this evidence was of any importance. It could do no harm to the defendant. As indeed the fact of the existence of the mortgage was also of no importance.
The defendant further urges that it was a physical impossibility for the defendant to have committed a rape upon plaintiff, and cites among other authorities, People v. Dohring (59 N. Y., 382). The court had charged that before the jury could find that a rape had been committed the plaintiff must have resisted to the utmost of her ability. So that the jury had that view plainly before them. They could better judge than we can what was the relative strength of the defendant in making, and the plaintiff in resisting such an alleged attack. And we must bear in mind that there were three alleged assaults in two of which it is not claimed that there was any rape. And whether or not it was possible for the defendant, under the circumstances, to have assaulted the plaintiff, and to have overcome her resistance as she testifies on the third occasion was, we think, a matter for the jury. The charge of the court on the question of fact was exceedingly fair. The evidence was presented by the court so as to leave the decision to the good sense of the jury. And we see nothing which would justify our interference.
Judgment and order affirmed with costs.
Landon and Mayham, J.J., concur.