IVESON v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department.   November 12, 1913.)

1. STREET RAILROADS (§ 81*)—CARE REQUIRED—STREET INTERSECTION.

Where the centers of two streets which intersected another street from opposite sides were only 35 feet apart, the point at which they intersected the street may be deemed an intersection, within the rule that the street car company must use additional care at all intersections of streets or where the crossing of the track is necessarily incident to the use of streets.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 172–177; Dec. Dig. § 81.*]

2. STREET RAILROADS (§ 114*)—INJURIES—ACTIONS—SUFFICIENCY OF EVIDENCE —CONTRIBUTORY NEGLIGENCE.

Evidence, in an action for injuries by being struck by a street car while plaintiff was crossing the track with a grocery wagon, *held* to sustain a finding that plaintiff was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239– 250; Dec. Dig. § 114.*]

3. WITNESSES (§ 254*)—REFRESHING RECOLLECTION.

Where, in an action for injuries by being struck by a street car, the evidence had been that the south-bound car had not stopped when the car causing the injury passed, and plaintiff testified that he did not know whether the south-bound car had stopped, he was properly asked by his counsel, for the purpose of refreshing his recollection, if he had not stated about the time of the accident that the south-bound car had stopped and passengers were alighting, which fact he then remembered.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 868–873; Dec. Dig. § 254.*]

4. TRIAL (§ 296*)—CURING ERROR—INSTRUCTIONS.

Any error in instructions that a street car company must have its cars under such control as to avoid accidents was corrected by a charge that, if the motorman had his car under reasonable control as he approached a street intersection and attempted to stop as soon as the danger became apparent, the company would not be liable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

5. TRIAL (§ 296*)—CURING ERROR—INSTRUCTIONS.

Any error in charging, in an action for injuries by being struck by a street car, that the failure of one crossing a street railway track to see would not per se constitute negligence was not reversible where the court also charged that, where the plaintiff could see the approaching car, he had no right to cross in front of it and was negligent if he did so.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

6. STREET RAILROADS (§ 85*)—RIGHTS AT STREET INTERSECTIONS.

A passing vehicle had an equal right of way with a street car at a street intersection.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 193, 195; Dec. Dig. § 85.*]

Appeal from Trial Term, Rensselaer County.

Action by Edgar A. Iveson, an infant, by Henry T. Iveson, his guardian ad litem, against the United Traction Company. From a judgment for plaintiff and an order refusing to set aside the verdict, defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Patrick C. Dugan, of Albany, for appellant.

Thomas S. Fagan, of Troy, for respondent.

SMITH, P. J. Pawling avenue in the city of Troy runs north and south. To the east and out of Pawling avenue runs Gregory avenue. To the west and about 30 feet south of the center line of Gregory avenue runs Monroe court, which is another avenue. Upon the day in question plaintiff, a boy 19 years of age, was driving a grocery wagon south on Pawling avenue. Upon reaching Gregory avenue he attempted to cross the track and was struck by one of the defendant's cars. It is contended by the plaintiff that the defendant was negligent in failing to give warning of the approach of that car and in failing to keep the car under reasonable control, and that the plaintiff was free from contributory negligence.

[1, 2] Without discussing in detail the evidence of defendant's negligence, it seems clear to me that a case was made for the jury thereupon. Gregory avenue is so near a continuation of Monroe court, with the centers of the streets only 35 feet apart, that this may well be deemed an intersection, even if the conjunction of Gregory avenue itself with Pawling avenue, irrespective of Monroe court, might not be so deemed. At all intersections, or wherever in the use of the streets a crossing of the track is a necessary incident to such use, the duty of additional care is imposed upon the defendant in the running of its cars, and, irrespective of the question whether or not the car going south had stopped at Monroe court, the jury had the right to find that the defendant did not exercise reasonable care in keeping its car under control as it approached Gregory avenue, where the plaintiff was required to cross the defendant's tracks. The evidence further is to the effect that no warning was given by bell or other signal of the approach of the car and no light shown, though after dark, which only strengthens the claim of the plaintiff that sufficient evidence was introduced to authorize the jury to find that the defendant had not performed its full obligation to the plaintiff in approaching this crossing. The evidence as to plaintiff's contributory negligence was also sufficient to support the conclusion of the jury thereupon. Before crossing the tracks to enter Gregory avenue, plaintiff had looked back and found the car going south approaching him. After that car had passed he again looked back to see if another car was following and claims that he also looked to the south, where his vision to an extent was obstructed by the south-bound car. There is some evidence to the effect that there was no light upon the car. Without warning of the approach of the car and with the exercise of such care as was testified to, the jury was authorized to find the plaintiff's freedom from contributory negligence.

[3-6] Defendant also seeks the reversal of this judgment upon exceptions to rulings at the trial and to the charge of the trial court. The plaintiff was upon the stand and had sworn that he did not know

whether the south-bound car had stopped at Pawling avenue. This had become an important question, because it was in evidence in the case that, under the defendant's rule where a car had stopped, a car going in the other direction must also stop before passing. Up to this time the evidence was quite conclusive that the south-bound car had not stopped at the time that the car had passed which caused the accident. Plaintiff upon the stand had sworn that he did not remember the fact and was asked by his counsel if he had not made a statement of the facts of the case at or near the time of the accident in which he had stated that this car was stopped and passengers were alighting therefrom. This was asked for the purpose of refreshing his recollection. He answered that he had, and, upon his recollection being refreshed, he swore upon this trial that the car had in fact stopped and passengers were alighting therefrom at the time he started to cross the defendant's tracks. This ruling would seem to be justified by the case of Bullard v. Pearsall, 53 N. Y. 230. Again, the charge of the trial court as first made seemed to impose upon the defendant the duty of having the car under such control as to avoid accident. To this an exception was taken. If the attention of the court had been specifically called to the rule that the motorman was only required to exercise reasonable care to that end, the charge would undoubtedly have been modified to meet the objection. In fact the defendant's counsel asked the court to charge "that if the jury find that the motorman had his car under reasonable control as he approached Gregory avenue, and that he attempted to stop as soon as the danger of a collision became apparent, then the verdict must be for the defendant," and this request the court granted. If the rule had been too strictly stated in the charge of the court before this time, the error was corrected by the granting of this request, and, had the defendant desired a more explicit statement of the rule of reasonable care, he should have asked it. The further criticism is made that the court differentiated between the care required in the crossing of a steam railroad and of a street railroad, charging that the failure of a passenger crossing a street railway to look did not per se constitute contributory negligence. But the court did charge, however, in response to defendant's request, that if the plaintiff could have seen the lighted car approaching he had no right to take any chance to cross in front of the car, and if he did take a chance he was guilty of contributory negligence as matter of law. The refusal of the court to charge that at this point the defendant's car had the paramount right of way was not error, as this was in fact an intersection at which the passing vehicle had an equal right of way. Other objections are made to this recovery, which we have examined and find insufficient to cause a reversal of this judgment. No criticism is made as to the amount of the verdict. The plaintiff's horse was upon a walk and had gotten over the track, so that the car struck the wagon. This fact would seem to indicate that the car might have been a long distance from the intersection at the time plaintiff started to cross the track and if under control might well have been stopped in time to have avoided the accident. I am satisfied that another trial would

only result in another verdict for the plaintiff and find no substantial error which in my judgment is sufficient to cause a reversal of the judgment. The judgment and order should therefore be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.   All concur.