KOSLOWSKI v. UNITED STATES STEEL FURNITURE CO   (No. 292–37.)

(Supreme Court, Appellate Division, Fourth Department.   July 7, 1915.)

1. WITNESSES ⬤⟿325—CROSS-EXAMINATION—IMPEACHMENT.

A party who, on the cross-examination of a witness, calls out matter not brought out on the direct examination, thereby makes the witness his own as to the new matter, and cannot contradict him as to it, and thereby impeach his own witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1098; Dec. Dig. ⬤⟿325.]

2. WITNESSES ⬤⟿325—CROSS-EXAMINATION—IMPEACHMENT.

A plaintiff, on the cross-examination of a witness for defendant, cannot examine the witness as to the contents of a letter written by the witness to plaintiff, after the accident forming the basis of the action, and after the witness had left the employ of defendant, where the letter relates to the new matter, and where the cross-examination merely seeks to affect the credibility of the witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1098; Dec. Dig. ⬤⟿325.]

Appeal from Trial Term, Onondaga County.

Action by Joseph Koslowski, an infant, by Valentine Koslowski, his guardian ad litem, against the United States Steel Furniture Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

James E. Newell, of Syracuse, for appellant.
A. Lee Olmsted, of Syracuse, for respondent.

PER CURIAM. We are of the opinion that reversible error was committed in admitting the contents of a letter written by the witness Sundquist to the plaintiff. The letter was written after the accident, and after Sundquist had left the defendant's employ. While Sundquist was called by the defendant and gave testimony in its behalf, the letter related to new matter called out by the plaintiff's counsel upon cross-examination.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] A party may not thus impeach his own witness (Power v. Brooklyn Heights R. R. Co., 157 App. Div. 400, 142 N. Y. Supp. 592), and this rule seems to hold good where a party upon cross-examination calls out new matter from a witness sworn by his adversary. The cases are collated and discussed in Deutschmann v. Third Ave. R. R. Co., 78 App. Div. 413, 79 N. Y. Supp. 1043, where it is said:

"The rule is well settled that where, upon cross-examination, a party calls from an opposing witness matters not brought out on his direct examination, he makes the witness to that extent his own, and as to such new matters he cannot contradict him in regard to it, since the effect would be to permit one to impeach his own witness [citing cases]."

[2] The examination respecting the contents of the letter was not to refresh the recollection of a hostile witness, by whose testimony counsel had been surprised, as is sometimes permitted (Bullard v. Pearsall, 53 N. Y. 230; Coulter v. American Merchants' Un. Ex. Co., 56 N. Y. 585; People v. De Martini, 213 N. Y. 203, 107 N. E. 501; Iveson v. United Traction Co., 159 App. Div. 27, 143 N. Y. Supp. 1077), but, as was specifically stated by counsel, to affect his credibility. We hold that the contents of this letter was of no probative force to show the condition of the machine, and that it could not be received for the purpose of impeaching the witness or affecting his credibility.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.