■    Robert Spampinato, an Infant, et al., Appellants, v. A. B. C. Con-
solidated Corp. et al., Respondents.— In a negligence action to recover damages
for personal injuries sustained by the infant plaintiff and for medical expenses
of his father, plaintiffs appeal from a judgment of the Supreme Court, Kings
County, entered February 21, 1973, in favor of defendants, upon a jury verdict
rendered at the end of a trial solely on the issue of liability. Judgment affirmed,
with costs. No opinion. Rabin, P. J., Munder and Latham, JJ., concur; Hopkins,
J., dissents and votes to reverse and to grant a new trial, with the following
memorandum, in which Martuscello, J., concurs: The issue of liability was closely
contested and any error in the trial court's charge to the jury must accordingly
be carefully scrutinized. The infant plaintiff and two eyewitnesses testified that
defendants' truck collided with the bicycle ridden by the infant plaintiff when
the truck passed the bicycle with the infant plaintiff in full view. Plaintiffs'
counsel read from the deposition before trial of the defendant driver in which
the latter had testified that he did not see the infant plaintiff before the acci-
dent; that he first parked the truck in the second lane from the curb; and that,
after he started up, the accident occurred about 390 feet from the place where
he had parked. Thereafter, as part of plaintiffs' case, their counsel called the
defendant driver to the stand and elicited further testimony as to the happening.
During its charge to the jury, the trial court stated that plaintiffs had made the
defendant driver their own witness by choosing to read the deposition into
evidence. This was error, as CPLR 3117 (subd. [d]) provides to the contrary.
It is said, however, that the error was dispelled when plaintiffs called that
defendant to the stand and questioned him. Years ago Wigmore called the rule
forbidding the impeachment of one presented as a witness " the remnant of a
primitive notion " (3A Wigmore, Evidence [Chadbourn rev.], § 899, p. 665)
and declared that " any semblance of reason disappears for the application of
the rule " in the instance when the opposing party is the witness (§ 916, p. 709).
The rule has been eroded by exceptions (cf. *Becker* v. *Koch,* 104 N. Y. 394;
*Bullard* v. *Pearsall,* 53 N. Y. 230) and Wigmore's criticism has been acknowl-
edged as just (*People* v. *De Martini,* 213 N. Y. 203, 212). Early in the studies
of the Judicial Council it was said that the reasons which caused the rule to be
adopted no longer had force (Second Annual Report of N. Y. Judicial Council,
1936, pp. 175, 179). Although the CPLR may not have made any substantial
modification of the rule in effect under the Civil Practice Act (see CPLR 4514),
we should not extract from CPLR 3117 the beneficient influence which it was
intended to cast on the amelioration of the rule.    It is surely inconsistent in
one breath to say that reading the deposition of the opposing party into evidence
does not make that party one's own witness and then in another breath to say
that calling the opposing party to the stand immediately on the reading does
make the party one's own witness. Quite apart from the illogic of the two
contrasting statements, the confusion to the jury created by the juxtaposition
of the statements would have to be considerable.    At this time, when we place
so much emphasis on truth-finding in trials as distinguished from strategic
advantage in constructing rules of procedure, there is little substance in a rule
which prevents the introduction of evidence on grounds no longer having any
relation to present conditions.    Nor should we perpetuate its existence by read-
ing narrowly a statute intended to reduce its application.    In this case where
the liability of the defendants was at the least a subject of fair debate, the effect
of the testimony of the driver drawn from the deposition and the stand by
plaintiffs' counsel was clearly crucial.    The charge to the jury which threw doubt
on plaintiffs' case by erroneously putting the onus on them for introducing such
evidence cannot be considered harmless.    It went to the very foundation of

plaintiffs' position and undermined it. A reversal of the judgment and a new trial are therefore required.