Burke, J.
A reversal of appellant’s conviction of manslaughter in the first degree and a new trial are required because of improper examination by the People of their own witness, and the trial court’s failure to give proper limiting instructions in regard thereto.
During the course of the trial the prosecutor produced a witness who was to corroborate the details of appellant’s participation in the assault upon deceased as described by other witnesses. "When the witness denied observation of the crime, the prosecutor was permitted, over objection, to read the text of the questions and answers upon the examination of the witness before the Grand Jury. Each question and answer was read, and the witness was asked whether he had made such an answer to the question. Although admitting to the replies which implicated the appellant as a participant in the crime, he explained that the answers were coerced under threat of arrest, and that they were false. This same procedure was *603 followed in connection with an unsigned and unsworn statement given to an Assistant District Attorney and an oral statement given to the Trial Assistant. The reading and examination upon these statements and testimony cover 25 pages of the record.
In answer to a request to instruct the jury that this colloquy was not evidence, the court explained to the jury that: “ What he is reading is not evidence in the case, but the questions and answers are. Not what he is reading, but the questions asked here, taken down stenographically, they are evidence in the case ”. Upon further objection, the trial court declared in attempted clarification that: ‘ ‘ The District Attorney is within his right in asking these questions. However, the questions that are there in that paper are not evidence in this case, but the questions asked of this witness here and the answers given here; those are the questions upon which the jury will determine the issue here.”
Again, at the conclusion of the court’s charge at the end of the entire case, counsel requested that the court charge that the statements were not to be considered as evidence in the case. The Trial Judge merely told the jury that: “ You are to consider only such evidence as the Court permitted, to get into the record” (emphasis added).
At common law, impeachment of a party’s own witness whether by inconsistent statements or by an attack on character was forbidden. (McCormick, Evidence, ch. 5, § 38, p. 70.) However, in order to “ correct the inequities occasioned by the fact that in many cases both sides were unfairly hampered by their inability to impeach unreliable witnesses upon whom they were compelled to rely ’ ’, a limited statutory exception was adopted (People v. McCormick, 278 App. Div. 410, 413, affd. 303 N. Y. 403; see Second, Third and Fourth Annual Reports of New York Judicial Council at pp. 175, 18 and 21 respectively). Section 8-a of the Code of Criminal Procedure (also Civ. Prac. Act, § 343-a) provides that “ any party may introduce proof that a witness has made a prior statement inconsistent with his testimony, irrespective of the fact that the party has called the witness or made the witness his own, provided that such prior inconsistent statement was made in any writing by him subscribed or was made under oath ” (emphasis mine).
*604 In addition, counsel has heen permitted, since a time prior to the enactment of that section, to introduce this evidence under the accepted guise of refreshing the witness’ recollection. (See McCormick, Evidence, ch. 5, § 38, p. 76; 3 Wigmore, Evidence [3d ed.], § 904, subd. [5], p. 398.) In Bullard v. Pearsall (53 N. Y. 230, 231-232) we said, therefore, that “ such questions may be asked of the witness for the purpose of probing Ms recollection, recalling to Ms mind the statements he had previously made, and drawing out an explanation of his apparent inconsistency. This course of examination may result in satisfying the witness that he has fallen into error and that his original statements were correct, and it is calculated to elicit the truth. It is also proper for the purpose of showing the circumstances which induced the party to call him. Though the answers of the witness may involve him in contradictions calculated to impair his credibility, that is not a sufficient reason for excluding the inquiry. * * * It is only evidence offered for the mere purpose of impeaching the credibility of the witness, which is inadmissible when offered by the party calling him. Inquiries calculated to elicit the facts, or to show to the witness that he is mistaken and to induce him to correct his evidence, should not be excluded simply because they may result unfavorably to his credibility. * * * As a matter of course, such previous unsworn statements are not evidence, and when the trial is before a jury that instruction should be given.” (Emphasis added; see, also, People v. Purtell, 243 N. Y. 273.)
The District Attorney, of course, realizing that the impeachment by means of the two statements given to the Assistant District Attorneys cannot be justified under section 8-a of the Code of Criminal Procedure, since they were neither made under oath nor subscribed, argues here that the repetition of the questions and answers of the prior statements and testimony was for the purpose of refreshing the recollection of the witness.
In spite of our approval of such an inquiry for this purpose, we believe that the prosecutor here went far beyond merely ‘1 refreshing the recollection ’ ’ of the witness. Although we are often reluctant to interfere with the trial court’s control of the scope of such probes, it is our opinion that the emphasis *605 and time consumed on this critical testimony exceeded the limits of the permissible purpose.
We are convinced that this abuse of the privilege, together with the confusing instructions given to the jury on the testimonial value of such prior statements, constituted prejudicial errors. It has been said that “ The right of a cross-examiner to use a witness ’ own prior statement in which he has given a contrary version of the purpose of testimonial impeachment and the corollary rule that such prior statements have no substantial or independent testimonial value are so firmly imbedded in our law of evidence that the citation of authority is scarcely required. (3 Wigmore on Evidence [3d ed.], § 1018; Matter of Roge v. Valentine, 280 N. Y. 268, 277; People v. Ferraro, 293 N. Y. 51, 56; 30 Corn. L. Q., 511.) ” (People v. Kenda, 3 A D 2d 80, 85; emphasis added.)
It is abundantly clear, therefore, that it may not be introduced as affirmative evidence of guilt or the facts stated. (People v. Ferraro, 293 N. Y. 51; Richardson, Evidence [8th ed.], § 522; see, also, People v. Shingles, 281 App. Div. 647; People v. Cannizzaro, 1 N Y 2d 167; People v. Peetz, 7 N Y 2d 147.)
Therefore, even assuming that the introduction of the prior inconsistent statements was initially proper, the trial court has erred in failing, upon request, to clearly instruct the jury of the nature and purpose of the District Attorney’s inquiry.
Apart from the fact that it is at best difficult for a jury, even when properly instructed, to disregard the facts of such statements when evaluating the evidence, the monition of the trial court in this instance only added to the confusion. The jury might very well have concluded that, although the physical material from which the prosecutor was reading was not in evidence, the questions and answers when orally expressed were evidence. Moreover, they might have assumed that the witness’ acknowledgment of having made the prior statements would make them worthy evidence, regardless of the fact that he swore they were made under duress and that they were not true.
The jury’s probable misunderstanding is manifest in its later request after some hours of deliberation for a reading of the “ Testimony given by Ross in this court as to what he saw outside around the deceased”. Approximately one hour after *606 this reading, a verdict of guilty was entered. In this light we cannot deny that a substantial right may have been affected. (People v. Ferraro, 293 N. Y. 51, supra.)
In view of the serious errors first discussed and the necessity, therefore, for a new trial, we find it unnecessary to consider other alleged improprieties.
Accordingly, the judgment should be reversed and a new trial ordered.
Chief Judge Desmond and Judges Dye, Ftjld, Froessel, Van Voorhis and Foster concur.
Judgment reversed, etc.