STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOHNNIE WILLIAMS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 19, 1969—Decided June 5, 1969.

Before Judges SULLIVAN, FOLEY and LEWIS.

*Mr. Daniel R. Coburn,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Matthew J. Scola,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

The opinion of the court was delivered by

LEWIS, J. A. D. Defendant was indicted, tried and convicted of the offense of unlawful possession of narcotics in violation of *N. J. S. A.* 24:18-4.

The single issue on appeal is whether the trial court erred "in allowing the prosecutor to question the defendant as to his past conduct." It is argued that the challenged cross-examination was improper and "severely undermined the defendant's right to a fair trial." We disagree.

It is undisputed that 115 glassine envelopes containing narcotics were found in a brown paper bag under the front seat of a rented automobile which had just been returned to the rental agency by defendant, who was then accompanied by three other men and a woman. Immediately prior to this discovery, defendant had requested the agency to rerent to him "this specific" vehicle, and, when he was advised that it could not be done, an argument ensued. The police were summoned, and they arrived shortly thereafter.

According to the testimony of Officer McGhee, defendant not only insisted that the car be rerented to him but he pulled out a wad of money and said, "I can buy the car if I want." When one of the men (not defendant) stated that he wanted to remove some draperies, Officer Daily went with him to the car. Daily testified that, when the man reached into the vehicle to get the draperies, he noticed the aforementioned brown paper bag "half underneath the driver's seat and half protruding out where I could see it" and that the bag had a "little rip in it, and a glassine bag was half protruding out of it."

Defendant, after testifying on direct examination that he did not know how the narcotics got into the car, was asked on cross-examination, "Have you ever used the contents of these types of envelopes before," to which, when his counsel's objection was overruled, defendant replied, "I have used it * * * I have indulged." There was an immediate motion for a mistrial, which was denied by the trial court with the comment that the purpose of the question "was whether or not there would be a tendency on his [defendant's] part to be in possession of the narcotics."

In *State v. Homer*, 86 *N. J. Super.* 351, 364 (*App. Div.* 1965), this court, in discussing the general rule that on the trial of a crime charged it is neither competent nor relevant to show that the defendant has committed other crimes unconnected in any way with the one in question, stated:

> That rule is subject to several well-established exceptions, which are listed in the elucidative opinion of Justice Heher in *State v. Kociolek*, 23 *N. J.* 400, 418–419 (1957). One of the several exceptions therein noted relates to the commission of a different offense disclosing a motive for the crime charged. We specifically pointed out in *State v. Campisi*, 47 *N. J. Super.* 455, 459 (App. Div. 1957) [certification denied 26 *N. J.* 304 (1958)], that proof of a collateral offense is admissible when it has "probative weight in respect of system, intent, knowledge, motive or state of mind."

*Cf. State v. Jones*, 94 *N. J. Super.* 137, 141 (App. Div. 1967). Note also *Rule 55* of the *Rules of Evidence*.

Judgment affirmed.

FOLEY, J. A. D. (dissenting). I respectfully disagree with the conclusion reached by the majority. Specifically, on the facts of this case I do not believe a showing that at some unspecified time defendant indulged in the use of narcotics had bearing upon the instant charge, in the sense that it had probative weight in respect of "system, intent, knowledge, motive, or state of mind." As noted by the majority, the general rule is that on the trial of a crime charged it is neither competent nor relevant to prove that defendant has

committed other offenses unconnected in any way with the one in question. While the rule is subject to several well recognized exceptions, indispensable to them is a showing of some "real connection" between the extraneous crime or conduct offered in evidence and the crime of which defendant is accused, beyond the allegation that they have both sprung from the same vicious disposition. *State v. Kociolek*, 23 *N. J.* 400, 419 (1957).

On the proofs I am unable to see any *real connection* between defendant's prior use of narcotics at *some* time, with the presence of the narcotic drugs in the automobile which he had rented.

If, as I believe, the evidence of use of narcotics (adduced on cross-examination) was inadmissible it was plainly prejudicial. Defendant testified that during the rental period the car had been in the possession of persons other than himself and he denied knowledge of the presence of narcotics in the vehicle. This testimony, standing alone, could have engendered in the minds of one or more jurors a reasonable doubt of whether he was guilty of the crime charged, particularly since the State's purely circumstantial proofs in support of the charge rested essentially upon a showing that defendant had rented the automobile and thereafter narcotics were found in it. Such doubt may have been diminished considerably by defendant's admission on cross-examination that he had previously used narcotics.

In my judgment the total circumstances required the trial judge in the exercise of sound discretion to grant defendant's motion for a mistrial to the end that he be accorded the fair trial to which he was constitutionally entitled. Therefore I would reverse and remand for a new trial.