**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5429-16T1

SCOTT RICKABAUGH,

    Plaintiff-Appellant,

v.

ALAURA P. JONES and
DOROTHY JONES,

    Defendants-Respondents.

_____

          Argued September 26, 2018 – Decided  January 11, 2019

          Before Judges Nugent and Mawla.

          On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0950-14.

          Mark J. Molz argued the cause for appellant.

          Francis X. Ryan argued the cause for respondents (Green, Lundgren & Ryan, PC, attorneys; Francis X. Ryan, on the brief).

PER CURIAM

This is an automobile negligence action. A jury unanimously determined that Plaintiff, Scott Rickabaugh, who was subject to the limitation on lawsuit threshold, N.J.S.A. 39:6A-8(a), had not "sustained a [permanent] injury proximately caused by the . . . motor vehicle accident." Plaintiff appeals from an order that denied the motion for a new trial. He contends the trial court erred by permitting a medical expert to read inadmissible hearsay statements from his report under the guise of refreshing his recollection. He also contends the trial court compounded the error by making a prejudicial remark when his attorney argued the point while making his objection at trial. Last, plaintiff contends he proved he sustained a permanent injury. Finding no abuse of discretion by the trial court and no merit in plaintiff's challenge to the verdict, we affirm.

This action arose when an automobile that defendant Dorothy Jones owned and defendant Alaura P. Jones was driving "rear-ended" an automobile plaintiff was driving. During trial, the parties presented conflicting expert medical testimony as to whether plaintiff had sustained a permanent injury in the accident. The court dismissed the complaint against Dorothy Jones at the close of all the evidence. Following the jury's verdict of no cause for action, plaintiff moved for a new trial. The trial court denied the motion. Plaintiff appealed.

A-5429-16T1

Plaintiff's primary contention on appeal concerns his objection to part of the trial testimony of the defense medical expert, Roy B. Friedenthal, an orthopedic surgeon. Dr. Friedenthal opined plaintiff suffered no permanent injury as a result of the vehicular accident.

Dr. Friedenthal prepared an initial report after examining plaintiff. He prepared several subsequent reports as the result of receiving and reviewing additional records and information thereafter. Early in his trial testimony, Dr. Friedenthal said he would need to refer to his initial report to refresh his recollection while testifying. Plaintiff's counsel objected:

> Q.    [Defense Counsel]: And, Doctor, with this exam being more than a year ago, [plaintiff's counsel] brought up on voir dire that you've wrote reports for my office?
>
> A.    I did.
>
> Q.    And would you need to use those reports and reference those reports to refresh your recollection when you're giving testimony here?
>
> A.    I will. I have the copies in front of me, I have the record I reviewed, and I will refer to this nine-page report to refresh my recollection.
>
> [Plaintiff's Counsel]:    Judge, I'm going to object. Judge, he needs to testify from personal knowledge. That's a requirement of Rule 602.

[Court]:     Okay.  The witnesses are allowed to refresh their recollection based on information.  So if you want personal knowledge of all the records for this individual, I have not seen a plaintiff's doctor - -

[Plaintiff's Counsel]:     Judge, I'm going to object to the colloquy.

[Court]:     - - nor the defendant's doctor - -

[Plaintiff's Counsel]:     I object to the colloquy.

[Court]:     - - not refer to records.  And I am speaking . . .

[Plaintiff's Counsel]:     I understand, Judge, in front of the jury.

[Court]:     So I am going to allow him to refresh his recollection and testify as to this evaluation.

[Plaintiff's Counsel]:     May I respond?

[Court]:     Yes.

[Plaintiff's Counsel]:     Judge, Rule 803(c)(5) requires him to admit that he has no personal knowledge before he can refresh his recollection with the report.

[Court]:     I have not seen any - - he has the personal knowledge that's recorded.

[Plaintiff's Counsel]:     Judge, counsel just said in front the jury that he can't remember and he's going to refer to his report.  That was the issue that - - that has already risen.

A-5429-16T1

[Defense Counsel]: And, Your Honor, I would suggest that it's already been ruled upon.

[Plaintiff's Counsel]: It actually was not ruled upon, Judge. I've prepared a motion, but I haven't filed it yet.

[Court]: I don't have that motion.

[Plaintiff's Counsel]: Correct.

[Court]: I will allow the doctor to testify. It's reasonable.

[Plaintiff's Counsel]: He's going to read from his report, Judge?

[Court]: I don't - - he hasn't read from his report. He's referring to it. I think even your police officer had to refer to his report.

[Plaintiff's Counsel]: Not my police officer, Judge, it's somebody that we subpoenaed.

[Court]: Okay.

[Plaintiff's Counsel]: Yes, Your Honor.

[Court]: But even the police officer was allowed to refer to this report to refresh his recollection and testify, so I'm going to allow this doctor to do the same.

[Plaintiff's Counsel]: Thank you, Judge. I'll object if I feel the need.

[Court]: All right.

A-5429-16T1

Defense counsel continued with the direct examination of Dr.

Friedenthal.  The following occurred:

> Q       [Defense Counsel]:   And, Doctor, at the time of your evaluation of March 10, 2016, like you told us, did you take a history from this plaintiff.
>
> A.    I did.
>
> Q.    And what was that history?
>
> A.    He told me that he sustained injuries in a motor vehicle accident of April 20, 2012.  He told me that the vehicle he was driving - -
>
> [Plaintiff's Counsel]:    Objection to reading from the report, Judge.  He had his eyes down, he was clearly reading from his report.  Judge, it's against the rules.
>
> [Court]:    It is not against the rules.
>
> [Plaintiff's Counsel]:   [N.J.R.E.]    602    requires personal knowledge for a witness to be qualified to testify.  It's a very basic part of our jurisprudence.
>
> [Court]:   Okay.   A  very  basic  part  of  our jurisprudence is expert witnesses may testify and rely on the information supplied by the witness and other - - other reports.
>
> [Plaintiff's Counsel]:    I agree.
>
> [Court]:    So that's what this individual is doing. Please - - I will allow him to refer to his report.

[Plaintiff's Counsel]: That's not what's happening, Judge. He's reading from his report. It's clear as day. It violates Rule - -

[Court]: It does not violate the rule. It does not violate the rule, counsel. Your objection is noted - -

[Plaintiff's Counsel]: Rule 602, Judge - -

[Court]: - - and I'll allow this witness to continue to testify.

[Plaintiff's Counsel]: Thank you, Judge.

Later, when Dr. Friedenthal began to explain how he examined and evaluated plaintiff's complaints of back pain, the following exchange occurred:

[Plaintiff's Counsel]: Judge, I'm going to object to the reading. The doctor has clearly got his head down and he's just reading his report into the record. It's not permissible under our rules to do that.

[Court]: This is expert testimony, [counsel].

[Plaintiff's Counsel]: It is expert testimony.

[Court]: I know. The - -

[Plaintiff's Counsel]: It has to be based upon personal knowledge, according to the rules, [N.J.R.E.] 602. And I'm saying there's no personal knowledge here.

[Court]: no, expert testimony is based on information supplied by others, including your client. So he's - -

7

[Plaintiff's Counsel]:    But that - - that's - -

[Court]:    - - providing the information and the evaluation based on his observation of your client.  The - -

[Plaintiff's Counsel]:    But he still has to testify from personal knowledge, he can't just read a report.  Otherwise, there wouldn't be any reason to have a trial, we would just submit reports.  And clearly he has no personal knowledge.

[Court]:    He has personal knowledge.

[Plaintiff's Counsel]:    He doesn't - -
[Court]:    He examined him - -

[Plaintiff's Counsel]:    - - because he has to read it.

[Court]:    He's - -

[Plaintiff's Counsel]:  He can't remember.

[Court]:    Okay.  Counsel, he is referring to his report.  Your client supplied him with the information.  He is providing the observations that he made.  You can cross-examine him if there is anything other in his report, or I'm sure you have other ways of cross-examining him.  He may refer to his report.  I've already ruled, and your objection is noted.

In his first and second points on appeal, plaintiff cites N.J.R.E. 612 — a rule he did not cite to the trial court — and argues the rule "precludes a party who refreshes the memory of a witness to introduce the material used to refresh

memory as substantive evidence on any issue." He also asserts the comments the trial court made when overruling his objection were prejudicial to his case.

We begin with several fundamental principles concerning the conduct of trials. Trial courts are required to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence." N.J.R.E. 611(a). They are to do so "to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Ibid. For these reasons, among others, trial courts are "vested with broad discretion in evidentiary matters as well as matters affecting the conduct and proceedings in a trial." Barber v. Shop-Rite of Englewood & Assocs., Inc., 393 N.J. Super. 292, 298 (App. Div. 2007) (citing State v E.B., 348 N.J. Super. 336, 344 (App. Div. 2002)).

Trial attorneys must make timely and correct objections to preserve issues for appellate review. "For the purpose of reserving questions for review or appeal . . ., a party, at the time the ruling . . . is made . . ., shall make known to the court specifically . . . the party's objection . . . and the grounds therefor." R. 1:7-2. An objection should be "clearly raised on the record at the time the trial court [can] explor[e] the issue with trial counsel." State v. T.J.M., 220 N.J. 220,

231 (2015). Tepid, unspecific complaints are inadequate. See ibid. Once the court has ruled on an objection, "counsel must abide by [the court's] ruling, saving his objections for appeal." Greenberg v. Stanley, 51 N.J. Super. 90, 102 (App. Div. 1958), aff'd in part, rev'd in part, 30 N.J. 485 (1959).

When a party objects on an incorrect ground or fails to specify the basis for an objection, we may review the issue for plain error. See State v. Nunez, 436 N.J. Super. 70, 76 (App. Div. 2014); Green v. Gen. Motors Corp., 310 N.J. Super. 507, 531-32 (App. Div. 1998). Appellate courts need not, however, consider issues raised for the first time on appeal. "It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

Considering the trial record in light of these legal principles, we conclude the trial court did not abuse its broad discretion when it overruled plaintiff's incorrect objections to Dr. Friedenthal's testimony.

Plaintiff first objected to Dr. Friedenthal's testimony on the ground he lacked personal knowledge, a prerequisite to a witness testifying at a trial. But the rule concerning personal knowledge, N.J.R.E. 602, begins with an exception for expert testimony: "Except as otherwise provided by Rule 703 (bases of opinion testimony by experts), a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. . . ." Dr. Friedenthal had been qualified as an expert, so N.J.R.E. 602's exception to the requirement of personal knowledge applied to the bases of his opinions. In addition, it was self-evident the doctor had personal knowledge of the examination he performed.

Plaintiff also objected to the doctor referring to his report because "[N.J.R.E.] 803(c)(5) requires him to admit that he has no personal knowledge before he can refresh his recollection with the report." This statement appears to confuse several concepts, including those of past recollection recorded and present recollection refreshed. N.J.R.E. 803(c)(5), entitled "Recorded Recollection," sets forth the evidentiary elements a proponent must establish before reading all or part of the content of the recorded statement into evidence. The elements include insufficient present recollection of a matter of which the witness had knowledge. Ibid. The rule does not, as plaintiff argued at trial,

require the witness to "admit that he has no personal knowledge before he can refresh his recollection."

In contrast, a witness may review a document to refresh his memory about a past event, but doing so does not make the document or its content admissible in evidence. See State v. Rajnai, 132 N.J. Super. 530, 540-41 (App. Div. 1975). N.J.R.E. 612 — the rule plaintiff raises for the first time on appeal — governs the use an adverse party may make of a writing if a witness "uses [the] writing to refresh the witness' memory for the purpose of testifying."

The trial court properly sustained the erroneous objections plaintiff lodged to Dr. Friedenthal's testimony. We glean that plaintiff was actually attempting to prevent Dr. Friedenthal from reading the hearsay content of his report to the jury in the guise of refreshing his recollection. During its exchange with counsel, the trial court noted the doctor was not reading from his report, he was merely referring to it. The court exercised reasonable control over the mode of interrogating the witness. We discern no abuse of discretion in the manner in which it did so. N.J.R.E. 611(a).

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only that his suggestion he was prejudiced by a comment the court made during an exchange

12

with his attorney over an objection is based on speculation and unsupported by the record. Besides, the attorney bears some responsibility for the extended exchange. Once a court has ruled on an objection, "counsel must abide by [the court's] ruling, saving his objections for appeal." Greenberg, 51 N.J. Super. at 102. In this case, counsel did not adhere to this principle, but instead continued to press his erroneous objections. In any event, consideration of the entire trial record, including the court's instructions to the jury, leads to the conclusion the jury returned its verdict based on its assessment of the evidence, uninfluenced by the attorney's objections or the court's rulings on the objections.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION