47 N.J. Super. 455 (1957)
136 A.2d 292
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PETER RICHARD CAMPISI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1957.
Decided November 25, 1957.
*456 Before Judges CLAPP, JAYNE and HUGHES.
Mr. Robert B. Kroner argued the cause for appellant (Messrs. Cummis and Kroner, attorneys).
Mr. C. William Caruso, Special Legal Assistant Prosecutor of Essex County, argued the cause for respondent (Mr. Charles V. Webb, Jr., Prosecutor of Essex County).
The opinion of the court was delivered by HUGHES, J.A.D.
The appellant was convicted in the Essex County Court of the unlawful possession of a narcotic drug, heroin, in violation of R.S. 24:18-4. Sentence having been imposed, he has brought this appeal in forma pauperis and directs to our attention the admission of certain evidence at his trial which he urges as substantial error which ought to bring about a nullification of the judgment of conviction. Additionally, the appeal challenges the trial court's failure to instruct the jury in a respect which appellant feels constituted plain error under R.R. 1:5-1.
The offense was allegedly committed on January 22, 1956, and the facts concerning his apprehension are set forth in a decision of this court reported in State v. Campisi, 42 N.J. Super. 138 (App. Div. 1956). That appeal was taken from a conviction (growing out of the events of that day) for unlawful possession of a hypodermic needle adapted for the use of narcotic drugs by subcutaneous injection, in violation of N.J.S. 2A:170-77.1, and for the unlawful use of a narcotic drug, heroin, in violation of N.J.S. 2A:170-8. For these offenses the appellant had been adjudged and sentenced as a disorderly person. The Appellate Division there affirmed his conviction for such offenses, one member of the court dissenting from the affirmance of conviction for unlawful use, as may be noted from the opinion of our *457 Supreme Court reported in State v. Campisi, 23 N.J. 513 (1957), dismissing the appeal from the affirmance of the conviction of possession of the hypodermic needle, but reversing the judgment of conviction for use of the narcotic, for failure of proof that such alleged narcotic was indeed heroin.
The appellant was not retried for the use of the narcotic drug, but was indicted for unlawful possession thereof and his conviction upon the latter indictment is the subject of the present appeal. By it he challenges the admission of evidence by the learned trial court of alleged unlawful use of narcotics on his part, insisting that the admission of such evidence, tending to prove a separate criminal offense, was erroneous and prejudicial in the extreme and should bring about a reversal of his conviction on the charge of possession. The additional point of the appeal goes to an omission in the charge to which no exception was made, but which is urged upon us as plain error under the rule cited, on the theory that the court should have instructed the jury that verbal admissions made to a police official should have been considered by it with caution.
On January 22, 1956 a number of detectives called at the apartment in Newark where appellant lived with his parents and brother and sister, upon official business, for the purpose of taking him into custody on an unconnected charge. Not finding him at home, they searched the bedroom which he shared with his younger brother and in a closet found a jacket containing, in an inside pocket, a box in which was stored a hypodermic needle, a carbonized spoon, an eyedropper, some cotton, a piece of soft white tissue, and a folded piece of newspaper containing a white powder, identified at the trial as heroin. The appellant's father was found hiding beneath the bed in this room and made some explanation of his presence there, which is irrelevant under the circumstances. The appellant arrived home about an hour later and is said to have admitted ownership of the jacket, at that time, but denied knowledge of the box containing the incriminating material. Questioned later by the police, he is said to have admitted to Detective Nazareta, a member of *458 the Narcotics Division of the Newark Police Department, that he used heroin. This officer also noted, upon physical examination of the appellant, scabs on the upper part of his right arm, which the court in its charge to the jury suggested as permitting an inference that same had resulted from penetration by a hypodermic needle. The trial court, however, had carefully limited the testimony of this police officer, undoubtedly in deference to the opinion of the Supreme Court in State v. Campisi, supra, warning of the limitations upon testimony offered by lay witnesses in the expert fields of chemistry, medicine or psychiatry.
Of further significance, Detective Nazareta had testified that he had a conversation alone with appellant in a room separate and apart from the room in which other members of the appellant's family had gathered, and that the culprit had admitted to him his use of heroin, that he had taken a "shot" on January 9 or 10, 1956, and that he further admitted the ownership of the box of narcotic materials. This witness further testified that appellant stated that he was embarrassed to make such admissions in the presence of his parents and relations, but that the box in fact belonged to him and that he had used heroin, as stated. The appellant, however, declined to sign a written statement to this effect or to initial any of the seized paraphernalia.
In considering the relationship, allegedly prejudicial, between the proofs which were admitted concerning the appellant's use of heroin, as relevant to his guilt of unlawful possession thereof, we are much impressed by the painstaking fairness of the learned trial judge in reflecting the issues to the jury in his charge, saying, inter alia:
"Now I mentioned extraneous matters, cautioning you against being influenced in any way by them. There is in evidence here proof that this box contained contraband materials. The hypodermic is in some circumstances contraband material. There is evidence too that the defendant admitted that he was a user of narcotics. That evidence was admitted, ladies and gentlemen, because the court was, and still is, of the opinion that it constituted circumstances bearing upon the issue in this matter; that is, whether or not he was in possession of a narcotic drug. It will be considered *459 for that purpose and that purpose alone. In other words, if you are not satisfied that the State has proven the charge laid here, the charge of possession, beyond a reasonable doubt, you could not be influenced in any way to bring in a verdict of guilty against this defendant because you had before you evidence that he may be guilty of some other violation of law. You will not consider the hypodermic nor the admission of use, if you find the admission was made, except as circumstances in the circumstantial evidence chain on this particular charge, the charge of possession."
In addition, the trial court had fully outlined to the jury the nature of the charge upon which the defendant was being tried, the persistence of the presumption of innocence, the obligation upon the State to prove every element of the crime beyond a reasonable doubt, the nature of a reasonable doubt, the incidents of "possession" in the criminal sense, the nature and vagaries of circumstantial evidence, and the necessity that it be such as to exclude any reasonable hypothesis other than that of guilt, the supremacy of the jury in the fact-finding area, and other matters which fully and justly reflected the total issues to the jury.
The general rule of law is that it is incompetent and prejudicial on the trial of an indictment for a specific violation of law to prove the commission of other offenses as establishing a propensity to commit the crime charged in the indictment. Bullock v. State, 65 N.J.L. 557 (E. & A. 1900). There are certain exceptions to this rule when the proof of the collateral offense has probative weight in respect of system, intent, knowledge, motive or state of mind. State v. Raymond, 53 N.J.L. 260 (Sup. Ct. 1891); Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892); State v. Deliso, 75 N.J.L. 808 (E. & A. 1908); State v. Ehlers, 98 N.J.L. 236 (E. & A. 1922); Guilbeau v. United States, 288 F. 731 (5 Cir. 1923); State v. Boccadoro, 105 N.J.L. 352 (E. & A. 1929); State v. McNamara, 116 N.J.L. 497 (E. & A. 1936); Stein v. United States, 166 F.2d 851 (9 Cir. 1948); State v. Roscus, 16 N.J. 415 (1954); State v. Sinnott, 43 N.J. Super. 1 (App. Div. 1956); State v. Kociolek, 23 N.J. 400 (1957); 1 Wharton's Crim. Ev., §§ 233, 239 (1955).
*460 A review of the total evidence in the case, in the light of the excellent charge which we have discussed, assures us that the evidence of use of the narcotic drug was plainly relevant to the bruited question of the guilt or innocence of the appellant for possession thereof. We distinguish the case of Helton v. United States, 221 F.2d 338 (5 Cir. 1955), relating to somewhat similar evidence of admitted use of marijuana in a prosecution for illegal acquisition and production thereof in violation of 26 U.S.C.A. 2593(a), 3234 (1940), on the ground of remoteness in that the evidence there admitted had minimal, if any, relationship as to time, place or circumstance in respect of the crime for which the defendant there was being tried. Even in the Helton case, the court conceded that the rule excluding evidence of other offenses was not absolute in its nature.
Concerning the omission of the trial court to require the jury to consider the testimony of Detective Nazareta with extreme caution, since it concerned a verbal admission of the accused, we perceive no plain error affecting the substantial rights of this appellant in the context of the whole of the proofs. While we apprehend the dangers incident to resting a concept of guilt upon such verbal admissions in that there should be special protection against the possibility of faulty memory, error in accurate understanding and repetition, and the like (Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); State v. Kociolek, supra), we sense in the proofs in this case an absence of the likelihood of such injustice. Here there was a most plausible reason for such admissions having been made in private due to the shame of the accused before members of his family; no suggestion that such admissions were involuntarily made; alertness on the part of appellant in protection of his interests, in declining to sign an equivalent written statement, or to initial the incriminatory materials; extreme simplicity in the nature of the oral admissions militating against the possibility of error in repetition, and projecting a clear issue of credibility as between the detective and the defendant; the unequivocal nature of the admissions made; and other *461 circumstances which convince us that the omission in the charge of the court, of the special precautionary reminder to the jury, was not a plain error affecting the substantial rights of appellant, nor betokening manifest wrong or injury to him.
The judgment of conviction is affirmed.