92 N.J. Super. 267 (1966)
223 A.2d 42
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRED ATTANASIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1966.
Decided September 30, 1966.
*268 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Thomas E. Durkin, Jr. argued the cause for defendant (Mr. William J. Gearty, of counsel and on the brief).
Mr. George A. Franconero, Assistant Prosecutor, argued the cause for the plaintiff (Mr. Brendan T. Byrne, Prosecutor of Essex County, attorney).
PER CURIAM.
Defendant was convicted of misconduct in office in violation of N.J.S. 2A:85-1 (hereafter the first count) and of extortion in violation of N.J.S. 2A:105-1 (second count) while "a public officer of the Housing Authority, * * * to wit: a mason foreman," in that he did unlawfully and corruptly "solicit" and "receive and take, by color of his office, from Armando Cilento, the sum of $500 * * *" as a "fee" or "reward" not allowed by law. He was sentenced to one year in the Essex County Penitentiary on the first count and sentence was suspended on the second count, and he appeals.
Defendant's first point is that he was not "a `public officer' within the intendment of the common law crime of misconduct in office and within the intendment of N.J.S. 2A:105-1." We hold that he was. State v. Begyn, 34 N.J. 35 *269 (1961). He was a mason foreman and Cilento worked under him. It was defendant's job to supervise Cilento, to see that he did his work "with required skill" and efficiently, to evaluate "his work ability, physical fitness and character," and to report upon these matters to the executives of the Housing Authority. Defendant argues that there is no proof that he did so report on Cilento. That is immaterial. It is sufficient that defendant was in a position in which he appeared to be able to do so and that Cilento believed he could do so.
Defendant contends that the only statute under which the crime with which he was charged may be prosecuted is N.J.S. 2A:93-8; therefore, the indictment upon which he was convicted was invalid and the entire prosecution was illegal and, in any event, this statute evidences the legislative intent that foremen are not to be considered public officers. We disagree. Assuming that he could have been charged under N.J.S. 2A:93-8, that does not make the prosecution under N.J.S. 2A:85-1 and N.J.S. 2A:105-1 invalid or improper. Defendant was more than merely the foreman contemplated by N.J.S. 2A:93-8; as we have said, under the facts here involved he was a public officer. Cf. State v. Johnson, 67 N.J. Super. 414, 419 (App. Div. 1961).
Defendant argues also (Point III of his brief) that "the trial court erred in its various rulings on the essential element of `color of office.'" What we have said about the first point disposes of this argument as well.
Defendant's next point is that "the trial court erred when it admitted evidence of an extraneous crime and of an extraneous non-criminal transaction." The indictment charged the payment of $500 by Cilento to defendant between March 10 and April 21, 1961. The evidence of the "extraneous crime" challenged was of the payment of $500 in 1958 by Cilento to defendant for assurance against being laid off; that of "the non-criminal transaction" was the payment of $86 by Cilento to defendant which defendant said was for a gift for a supervisor of their department. We find no error in the admission of this evidence. It was relevant to show the relationship of *270 the parties, the subservience of Cilento to defendant, and defendant's course of dealing with him and defendant's scheme, motive and intent. Cf. State v. Kociolek, 23 N.J. 400, 418-419 (1957); State v. Campisi, 47 N.J. Super. 455, 459 (App. Div. 1957).
Finally, defendant argues that "the trial court erred in its charge when it attributed certain testimony to the defendant." The defendant points out that he did not take the stand and yet the judge charged the jury as follows:
"Succinctly stated the State contends that the defendant Attanasio during the time alleged in the indictment, namely, March 10 to April 21, 1961, entered into a corrupt agreement pertaining to Cilento's employment in the Newark Housing Authority. The defendant denies this and contends that he did not have the power or the authority to do anything for Cilento, and that he never spoke to Cilento about his status as an employee, temporary or permanent, and that he never received any money from Cilento at any time."
Defendant argues that this was prejudicial error because it "clearly set up straw men of the defense which could be easily destroyed" especially since "Cilento quite innocently had given $300 to Attanasio" as a loan.
To begin with, we question whether the objections to the charge were specific enough to preserve to defendant the right to challenge the above-quoted portion thereof in this appeal. Be that as it may, the charge must be read as a whole and, so read, the challenged portion seems to us harmless. The jurors were well aware of the fact that defendant had not testified and it must have been obvious to them that the court was not talking about actual testimony but about the issues involved in the case.
The judgment is affirmed.