**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2854-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLY MINAYA, a/k/a
WILLY R. MINAYA,

    Defendant-Appellant.

_____

Submitted April 17, 2018 — Decided June 27, 2018

Before Judges Reisner, Hoffman, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-07-0664.

Joseph E. Krakora, Public Defender, attorney for appellant (Rebecca L. Gindi, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Arielle E. Katz, Deputy Attorney General, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Willy Minaya appeals from his conviction for first-degree robbery, N.J.S.A. 2C:15-1(a)(2), fourth-degree theft, N.J.S.A. 2C:20-3, and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). He also appeals from the sentence of eighteen years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On this appeal, he presents the following points of argument through counsel:

> I. FAILURE TO INSTRUCT THE JURY ON HOW TO EVALUATE MINAYA'S ALLEGED ORAL OUT-OF-COURT STATEMENTS AND TO USE CAUTION IN SAID EVALUATION DENIED MINAYA DUE PROCESS AND A FAIR TRIAL. (NOT RAISED BELOW)
>
> II. THE TRIAL COURT ERRED BY ALLOWING THE INVESTIGATING OFFICER TO TESTIFY TO ISSUES SOLELY IN THE PROVINCE OF THE JURY. (NOT RAISED BELOW)
>
> III. THE TRIAL COURT'S CONFUSING AND UNTAILORED ACCOMPLICE LIABILITY INSTRUCTION VIOLATED BIELKIEWICZ AND LEFT THE JURY WITH NO UNDERSTANDING OF HOW THE THEORY APPLIED, VIOLATING MINAYA'S RIGHT TO A FAIR TRIAL. (NOT RAISED BELOW)
>
> IV. THE CUMULATIVE IMPACT OF THE ERRORS DENIED MINAYA A FAIR TRIAL. (NOT RAISED BELOW)
>
> V. BECAUSE THE JUDGE'S PERSONAL REPUGNANCE TOWARD MINAYA GUIDED IMPOSITION OF HIS SENTENCE, MINAYA'S SENTENCE WAS NOT IMPOSED IN ACCORDANCE WITH THE SENTENCING CODE, REQUIRING RESENTENCING.
>
> > A. The Sentencing Judge Improperly Considered Non-Statutory Aggra-

vating Factors When He Made Moral Judgments About Minaya's Parenting Decisions, Immigration Status, And Drug Use, Evidencing His Personal Repugnance Towards Minaya And Denying Minaya His Right To A Fair And Impartial Sentencing Hearing.

B. The Trial Court Abused Its Discretion By Failing To Find Mitigating Factor Eleven And By Affording Undue Weight To Aggravating Factors Three, Six And Nine.

He raises the following issues in a supplemental pro se brief:

I. THE PROSECUTOR COMMITTED MISCONDUCT IN HER SUMMATION, THEREBY DEPRIVING MINAYA [OF] A FAIR TRIAL

II. THE TRIAL COURT'S FAILURE TO GIVE A CURATIVE INSTRUCTION ON ACCOMPLICE LIABILITY DEPRIVED MINAYA [OF] A FAIR TRIAL

III. TRIAL COUNSEL DEPRIVED MINAYA OF HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO ARGUE MINAYA'S PRO SE MOTION TO SUPPRESS EVIDENCE

After reviewing the record in light of the applicable legal standards, we find no plain error with respect to any of defendant's newly-raised contentions, and we find no abuse of discretion or other error in the sentence. Defendant's first two pro se arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We decline to consider defendant's third pro se argument, without prejudice to his right to file a petition for post-conviction relief. See State v.

3

Preciose, 129 N.J. 451, 460 (1992).  We affirm the conviction and the sentence.

I

The following summary of the trial record will suffice to illustrate our decision of the legal issues.  The Paterson police apprehended defendant and a co-defendant, Emmanuel Rodriguez, shortly after the two men robbed the victim by threatening him with a sharp object.  At around 1:00 a.m., Officer Campos and his partner, Officer Hernandez, were cruising the Union Avenue area in a patrol vehicle.  From a few yards away, Campos and Hernandez saw two men crouching over a third man (the victim), but at first they were not sure what was happening.  When the patrol car came closer, the two crouching men got up and started walking away.  Campos asked one of the men, later identified as defendant, what was going on.  When defendant replied that "nothing" was happening, Campos let defendant and his companion get into a green Honda and drive away.  However, suspecting that something might be awry, Campos checked the Honda's license plate number in his computer.

As defendant and his companion were driving away, the victim shouted in Spanish that they had taken his cell phone.  At that point, Campos, who spoke Spanish, realized that he had witnessed a robbery.  According to Campos, he and Hernandez began chasing the green Honda, and called for back-up.  A back-up unit quickly

4

stopped the fleeing car and detained the two occupants, defendant and Rodriguez. The police found the victim's cell phone and a screwdriver in defendant's pocket. At the trial, Campos and Hernandez both identified defendant as the man who they saw at the robbery scene, and who told them that "nothing" was going on.[1]

The defense called Rodriguez as a witness. Initially, Rodriguez testified that the robbery was entirely his idea. He testified that he and defendant were at a bar, and Rodriguez saw the victim waving cash around. Rodriguez told defendant that he was going to rob the victim, and told defendant to go get his car, which was parked some distance away. When the victim came out of the bar, Rodriguez followed him and robbed him. Rodriguez indicated that defendant arrived with the car after the robbery was over. However, on cross-examination Rodriguez recanted that testimony, which was contrary to prior sworn statements he had made. Rodriguez admitted that defendant had contacted him before the trial and urged him to give exculpatory testimony. Rodriguez then admitted that defendant fully participated in the robbery and threatened the victim with the screwdriver.

---

[1] The victim, who was grabbed from behind and was lying face down on the ground during the robbery, did not identify defendant at the trial.

Addressing defendant's first point, we find no plain error in the court's failure to sua sponte give a <u>Hampton</u>[2] or a <u>Kociolek</u>[3] charge. A <u>Hampton</u> charge instructs the jury to decide whether a defendant's confession to the police is credible and to disregard the statement if it is not credible. <u>See</u> <u>State v. Baldwin</u>, 296 N.J. Super. 391, 401 (App. Div. 1997). A <u>Kociolek</u> charge is given where a defendant has made an allegedly inculpatory oral statement to a witness, and there is a genuine issue regarding precisely what the defendant said. <u>Baldwin</u>, 296 N.J. Super. at 401. In that situation, the jury must be instructed "with respect to the risk that the hearer misunderstood or inaccurately recalled the statement." <u>Ibid.</u> Defendant did not request either charge at the trial, and thus we review for plain error. <u>R.</u> 1:7-2; <u>R.</u> 2:10-2.

The argument here concerns defendant's threat to "go through" or cut the victim with the screwdriver, defendant's instruction to Rodriguez to search the victim's pockets, and defendant's instruction to Rodriguez to throw some incriminating evidence out the car window.

---

[2] <u>State v. Hampton</u>, 61 N.J. 250 (1972).

[3] <u>State v. Kociolek</u>, 23 N.J. 400 (1957).

The statements were not made during police questioning, and none of them constituted an admission of guilt. Rather, they were either threats or instructions. Further, there was no issue in this case as to whether the witnesses misheard the statements or recounted them inaccurately. The only issues were whether defendant — as opposed to Rodriguez — made the statements the victim heard, and whether defendant made the statements to which Rodriguez testified or whether Rodriguez was lying. In the context of this record, the Hampton and Kociolek charges were not required. See Baldwin, 296 N.J. Super. at 401-02. However, even if they should have been given, any error in failing to sua sponte instruct the jury with those charges was harmless. See R. 2:10-2.

Defendant's second point, also raised for the first time on appeal, is equally unconvincing. Relying on State v. McLean, 205 N.J. 438, 460 (2011), defendant argues that it was error to allow Officer Campos to testify that a robbery had occurred. Campos gave that brief testimony in the context of explaining that, once he heard the victim cry out that the two men had taken his phone, the officer realized that he made a mistake in initially letting the two other men leave the scene. We find no plain error in allowing that testimony. There was no genuine issue in this case as to whether a robbery occurred. The issue was who committed the crime. In this context, the officer's testimony about witnessing

a robbery did not have a clear capacity to produce an unjust result. See R. 2:10-2.

For the first time, defendant next argues that the judge erred in responding to the jury's question about accomplice liability. In their summations, both sides thoroughly explained to the jury the theory of accomplice liability in the context of this case, and the judge instructed them with the Model Charge. After beginning deliberations, the jury asked: "How does accomplice liability apply to this defendant, if it does, and does [sic] the verdict sheet charges reflect this option?" Both counsel agreed that the judge should explain to the jury that the theory of accomplice liability could only apply to the robbery and theft counts; it was up to the jury to decide if accomplice liability applied to those counts; and the accomplice issue did not appear on the verdict sheet because it was not a separate charge but rather was a theory by which the State could prove particular charges. The judge also told the jury to re-read the accomplice liability sections of the written charge, which he had given them.

In the context of this case, we find no plain error in the judge's response to the jury's question. The evidence of defendant's guilt on the first-degree robbery and theft charges, either as a principal or an accomplice, was overwhelming. The police officers saw two assailants crouching over the victim. The

victim testified that there were at least two men involved in robbing him, and one of the robbers pressed a sharp object into his back and threatened to cut him. On this record, the jury could not find defendant guilty only of theft, unless they believed Rodriguez's initial testimony, which was contrary to his prior sworn statements and which he thoroughly recanted on cross-examination. Defendant's argument on this point is without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Since we find no plain error in any of defendant's first three arguments, we also find no cumulative error.

We find no merit in defendant's sentencing arguments. The trial judge scrupulously and thoroughly considered all of the proposed aggravating and mitigating factors, explaining in detail why he found that each factor applied or did not apply. See State v. Case, 220 N.J. 49, 65 (2014).

We find no abuse of discretion in the judge's conclusion that mitigating factor eleven (hardship to dependents) was inapplicable. See N.J.S.A. 2C:44-1(b)(11). The judge did not consider non-statutory aggravating factors, and we do not perceive anything improper in his explanation for rejecting mitigating factor eight or for applying aggravating factor three. N.J.S.A. 2C:44-1(b)(8) (defendant's conduct was the result of circumstances unlikely to recur); N.J.S.A. 2C:44-1(a)(3) (risk of re-offense).

Nothing in the judge's sentencing opinion indicated bias. Defendant's sentencing arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2854-15T3